UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LARRY E. CAMP, | 2:07-cv-02257-HDM-RAM |
| Plaintiff, | |
| vs. | ORDER |
| JAMES E. TILTON, et al., | |
| Defendants. | |

Before the court is the defendants' motion to dismiss (#17) filed on November 7, 2008.  Plaintiff has not opposed the motion.[1]

Plaintiff filed his complaint in this action on October 22, 2007.  The complaint asserts that defendants are not only denying plaintiff a Halal diet or meals in accordance with his Muslim

---

[1] Plaintiff was advised of the requirements for opposing a motion to dismiss by the court's order dated September 5, 2008.

1

1 faith, but they are also discriminating against him by providing
2 Jewish inmates with a complete culture diet.  It further alleges he
3 and other Muslims are denied access to the Interfaith Chapel prior
4 to breaking fast, in order to perform Salah and Taleem, and to
5 educate each other about Ramadan and fasting.  Defendants move to
6 dismiss the complaint on the grounds that plaintiff has failed to
7 exhaust the administrative process.

8    Failure to exhaust nonjudicial remedies is treated as a matter
9 in abatement and is subject to an unenumerated Rule 12(b) motion.
10 *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding
11 a motion to dismiss on such grounds, "the court may look beyond the
12 pleadings and decide disputed issues of fact."  *Id.* at 1120.  If
13 the court finds the prisoner has not exhausted his administrative
14 remedies, the proper remedy is dismissal without prejudice.  *Id.*

15    Under the Prison Litigation Reform Act of 1995, "[n]o action
16 shall be brought with respect to prison conditions under section
17 1983 of this title, or any other Federal law, by a prisoner
18 confined in any jail, prison, or other correctional facility until
19 such administrative remedies as are available are exhausted."  42
20 U.S.C. § 1997e(a).  Exhaustion is mandatory and is a prerequisite
21 to all suits about prison life.  *Porter v. Nussle*, 534 U.S. 516,
22 524, 532 (2002).  There must be "proper exhaustion" of available
23 administrative remedies, meaning the inmate must "us[e] all steps
24 the agency holds out. . . ."  *Woodford v. Ngo*, 548 U.S. 81, 90
25 (2006).

26    Prisoners in the State of California have the right to appeal
27 administratively "any departmental decision, action, condition or
28 policy which they can demonstrate as having an adverse effect upon

2

1  their welfare."  Cal. Admin. Code tit. 15, § 3084.1(a).  To exhaust
2  administrative remedies in the California system, a prisoner must
3  proceed through several levels of appeal: (1) informal resolution;
4  (2) formal written appeal on a CDC 602 inmate appeal form; (3)
5  second-level appeal to the institution head or designee; and (4)
6  third-level appeal to the Director of the California Department of
7  Corrections.  *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235,
8  1237 (S.D. Cal. 1997).  A final decision from the Director's level
9  of review satisfies the exhaustion requirement.  *Kirkpatrick v.*
10 *Ayers*, 2007 WL 2694179, at *1 (N.D. Cal. 2007) (unpublished
11 disposition).

12      Failure to exhaust administrative remedies is an affirmative
13 defense; defendants thus bear the burden of raising and proving the
14 absence of exhaustion.  *Brown v. Valoff*, 422 F.3d 926, 936 (9th
15 Cir. 2005) (quoting *Wyatt*, 315 F.3d at 1119).  Further, before the
16 court can find a failure to exhaust, the defendants must prove that
17 "*some* relief remained available" that the prisoner failed to
18 pursue, "whether at unexhausted levels of the grievance process or
19 through awaiting the results of the relief already granted as a
20 result of that process."  *Id.* at 936-37 (emphasis original).

21      Defendants argue that plaintiff has submitted only one
22 grievance relevant to this action, that it did not involve most of
23 the allegations of the complaint, and that plaintiff failed to
24 exhaust the administrative process with regard to that grievance.
25 Specifically, on November 28, 2006, plaintiff submitted a grievance
26 concerning the Muslim population's alleged lack of access to the

Interfaith Chapel.[2] It did not allege denial of Halal meals or discrimination. On February 1, 2007, the grievance was denied at the first level of review. (Def. Mot. to Dismiss (Vela Decl. Ex. A)). Plaintiff apparently never sought review of the first-level decision and has not filed any other grievances relevant to his claims in this action.

Plaintiff filed no opposition to this motion, nor did he attach any copies of grievances to his complaint. Instead, he asserts in his complaint that the grievance procedure is ineffective. He claims that the Muslim community has filed several grievances seeking Halal meals, but those grievances have been ignored. And he accuses correctional staff of discarding grievances and not responding to appeals. Even so, plaintiff states that he has exhausted all available administrative remedies. In light of his allegations, however, and absent any evidence that a grievance he filed either has proceeded through all four levels of appeal or was improperly handled, plaintiff presumably means pursuing his grievance through the established process would have been futile. In essence, plaintiff admits he has not completed the grievance process as outlined by Cal. Admin. Code tit. 15, § 3084.1(a). He has failed to rebut defendants' assertion (and evidence showing) that administrative remedies were available but plaintiff chose not to pursue them.

Accordingly, the court finds the defendants have met their burden of proving plaintiff has failed to exhaust all available

---

[2] Defendants note that plaintiff had submitted the same grievance twice before but that both times the grievance had been screened as deficient.

4

administrative remedies as required by 42 U.S.C. § 1997e(a).  The defendants' motion to dismiss (#17) is therefore granted, and this action is hereby dismissed without prejudice.

DATED: This 20th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE